IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,605-01 and WR-78,605-02






EX PARTE CHRISTOPHER MICHAEL COBOS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. C-37,580-01-A and C-37,581-A IN THE 244th DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving
while intoxicated and criminal mischief and sentenced to four years' imprisonment and two years
imprisonment in a state jail facility, respectively. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal in these cases. We remanded these applications to the trial court for
findings of fact and conclusions of law.

 The trial court recommends, based upon a supplemental affidavit filed by trial counsel and
an affidavit filed by a deputy sheriff, that relief be denied. We disagree. The record reflects that,
while counsel was aware of the Applicant's desire to appeal his convictions, counsel never intended
to represent Applicant on appeal and he failed to withdraw or otherwise notify the trial court that
appellate counsel should be appointed. Nor did counsel assist the Applicant in filing a pro se notice
of appeal in these cases. This Court has long held that counsel can not bow out of representation
without giving notice to the trial court that he was no longer representing a defendant and that
counsel should assist the client in giving a pro se notice of appeal. Ex parte Axel, 757 S.W.2d 369,
374 (Tex. Crim. App. 1988). 

 Therefore, we find that Applicant is entitled to the opportunity to file out-of-time appeals of
the judgments of conviction in Cause Nos. C-37,580-01-A and C-37,581-A from the 244th District
Court of Ector County. Applicant is ordered returned to that time at which he may give written
notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within
ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately
appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if
the sentences had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute any appeals, he must take affirmative steps to file written
notices of appeal in the trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 

Delivered: October 23, 2013

Do not publish